IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   19-cv-03161-PAB-KLM

FRANKY L. SESSION,

      Plaintiff,

v.

DANIEL REED, Physician Assistant,

      Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant Daniel Reed's ("Reed") **Motion to Dismiss Plaintiff's "Revised" Amended Complaint** [#81][1] (the "Motion").   Plaintiff filed a Response [#94] in opposition to the Motion [#81], and Defendant Reed filed a Reply [#97].   Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motion [#81] has been referred to the undersigned for a recommendation regarding disposition. *See* [#82].   The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.   For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#81] be **GRANTED**.

_____

[1] [#81] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

–1–

## I. Background[2]

Plaintiff proceeds in this case as an incarcerated pro se litigant.[3]   Plaintiff alleges that he sustained injuries during his transport from the Denver Recreation & Diagnostic Center ("DRDC") in Denver, Colorado, to the Fremont Correctional Facility ("FCF") in Cañon City, Colorado.   *Revised Am. Compl.* [#50] at 13.   Upon Plaintiff's arrival at FCF, he was transferred to the FCF medical department where Defendant Reed, a physician assistant, worked as a contract employee.   *Motion* [#81] at 1; *Revised Am. Compl.* [#50] at 13.   When Defendant Reed first saw Plaintiff, Plaintiff was on a medical gurney "crying in pain . . . [w]ith multiple bloody cuts, abrasions, and swelling on the left side of his forehead."   *Revised Am. Compl.* [#50] at 13.   Defendant Reed asked Plaintiff what was wrong, to which Plaintiff replied that "he was dizzy, nauseous, sight was blurred, experiencing painful buzzing sounds in his ears, painful throbbing and unbearable headaches, sharp and burning pains in his abdomen, spine and lower back, worst joint grinding and popping pains in his left knee. And, was unable to move his head, neck, back, and left knee."   *Id.*   Defendant Reed did not reply but conducted a physical examination, touching Plaintiff's neck, bending his knee, and examining his abdominal

---

[2]  All well-pled facts from the Revised Amended Complaint [#50] are accepted as true and viewed in the light most favorable to the Plaintiff as the nonmovant.   *Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

[3]  The Court must construe liberally the filings of pro se litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."   *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).   In addition, a pro se litigant must follow the same procedural rules that govern other litigants.   *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

area, after which he informed Plaintiff that "he was ok." *Id.*

Plaintiff then asked Defendant Reed to send Plaintiff to the hospital for further assessment and to have x-rays or CAT scans conducted of his head, neck, shoulders, abdomen, spine, lower back, and left knee. *Id.* Defendant Reed instead placed Plaintiff under observation in the FCF medical clinic, where a nurse cleaned him up. *Id.* at 13-14. Defendant Reed later cleared Plaintiff to be taken to his living unit outside of the medical clinic. *Id.* at 14. Plaintiff alleges that between November 3, 2017, and December 11, 2017, Defendant Reed failed to refer Plaintiff to a hospital for further assessment or a treatment plan, to have x-rays or CAT scans conducted, or to refer Plaintiff to a neurologist, orthopedic specialist, hernia specialist, or physical therapy specialist. *Id.*

Plaintiff brought this § 1983 action contending that Defendant Reed's conduct constituted deliberate indifference to Plaintiff's medical needs in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *Id.* In the present Motion, Defendant Reed contends that Plaintiff's claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to sufficiently demonstrate that Defendant Reed consciously disregarded a substantial risk to Plaintiff's health. *Motion* [#81] at 5.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R.

Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.4d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct," a factual allegation has been stated, "but it has not shown[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

## III.  Analysis

### A.  Fourteenth Amendment

Plaintiff is incarcerated by the Colorado Department of Corrections. *Revised Am. Compl.* [#50] at 1.  Plaintiff's claims stem from alleged indifference to his health and safety.  In *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996), the plaintiff's claims for deliberate indifference to medical needs were asserted under both the Eighth and Fourteenth Amendments, as they are here. The Tenth Circuit Court of Appeals noted that it was "unclear whether plaintiffs invoked the Fourteenth Amendment because the Eighth Amendment applies to the states only through the Fourteenth Amendment or because they were attempting to allege a violation of substantive due process rights." *Riddle*, 83 F.3d at 1202.  The Circuit reiterated "that where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process." *Id.*  Therefore, because the plaintiffs were convicted inmates, the Circuit held that it would "review plaintiffs' claims under the Eighth Amendment as made applicable to the states through the Fourteenth Amendment." *Id.* Here, similarly, Plaintiff's deliberate indifference claims should be analyzed under an Eighth Amendment framework because he is a convicted prisoner.

Accordingly, the Court **recommends** that Plaintiff's deliberate indifference claim

be **dismissed with prejudice** to the extent it is asserted under the Fourteenth Amendment. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").

## B.    Eighth Amendment

Because inmates "must rely on prison authorities to treat [their] medical needs," the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The test for deliberate indifference is both objective and subjective, in that a detainee must establish that: (1) he was deprived of a medical need that is, objectively, "sufficiently serious," and (2) that the defendant subjectively knew of and disregarded "an excessive risk to [the detainee's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

With respect to the objective component, "the test is met if the harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). Further, "it is the harm claimed by the prisoner that must be sufficiently serious to satisfy the objective component, and not solely 'the symptoms presented at the time the prison employee had contact with the prisoner.'" *Id.* (quoting *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005)). For purposes of this Motion [#81], Defendant does not contest the objective component of the two-part test. He does, however, contest the

subjective component.  *Motion* [#81] at 4-5.

With respect to the subjective component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Further, the "symptoms displayed are relevant . . . to the subjective component of the test: were the symptoms such that a prison employee knew the [specific] risk to the prisoner and chose (recklessly) to disregard it?" *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). "Significantly, this level of intent can be demonstrated through circumstantial evidence." *Id.* at 752.  "A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.  Thus, in this case, in order to prevail, Plaintiff must adequately allege that Defendant Reed knew of and disregarded a substantial risk of serious injury to Plaintiff.

Plaintiff asserts that Defendant Reed violated his rights by failing to refer Plaintiff to a hospital for "further assessment, treatment plan, or having immediate x-rays or CAT scans taken" of Plaintiff's injuries, or to a neurologist, orthopedic, hernia, or physical therapy specialist. *Revised Am. Compl.* [#50] at 14.  Plaintiff further complains of Defendant Reed not having informed Plaintiff of the various cuts on his forehead.  *Id.*

In *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), the Tenth Circuit explained that it "recognize[s] two types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's

condition." The pertinent question here is whether Defendant Reed was subjectively aware of the risk of serious injury to Plaintiff and recklessly ignored it by delaying or denying his access to appropriate medical care. *See, e.g.*, *Kellum v. Mares*, 657 F. App'x 763, 770 (10th Cir. 2016) (explaining that a deliberate indifference claim was stated where the "specific medical symptoms and vital signs presented to [the defendant] . . . indicated a need for further assessment, testing, diagnosis, and emergency medical treatment").

Defendant Reed contends that Plaintiff failed to allege specific facts showing that Defendant Reed was not an appropriate medical professional to treat Plaintiff or that Defendant Reed was required to refer Plaintiff to a specialist. *Motion* [#81] at 5. The Court agrees. Plaintiff's allegations show that Defendant Reed conducted an initial physical assessment of Plaintiff's condition and retained him in the medical clinic for further observation. *Revised Am. Compl.* [#50] at 13. Defendant Reed, apparently finding that Plaintiff was fit to be transferred to his living unit, cleared Plaintiff to be discharged from the medical department. *Id.* at 14. Defendant Reed further conducted at least one follow-up appointment to assess Plaintiff's health conditions. *Id.* Defendant Reed, in exercising his judgment as a healthcare professional, apparently determined that Plaintiff did not require further treatment or outside medical care. "[W]here a doctor merely exercises his considered medical judgment," the subjective component of the Eighth Amendment analysis is not satisfied. *Self*, 439 F.3d at 1232. "Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." *Id.*

Plaintiff relies on *Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008), to support

his argument that "refusal to refer to a specialist where a doctor did not know cause of reported extreme pain could support deliberate indifference finding." However, *Hayes* is distinguishable from this case. The doctor in *Hayes* did not refer the plaintiff to a specialist because he both did not know what the plaintiff's problem was or which specialist to refer him to. *Id.* Here, Plaintiff's allegations demonstrate that Defendant Reed, in observing Plaintiff during his medical visits, determined that Plaintiff did not require referral to a specialist. Plaintiff further relies on *LeMarbe v. Wineski*, 266 F.3d 429, 440 (6th Cir. 2001), to support his argument that failure to refer a patient to a specialist constitutes deliberate indifference. *LeMarbe* is also distinguishable from the present case. The doctor in *LeMarbe* discovered a substantial risk of serious harm to the plaintiff during surgery and made no plans to redress the risk. *Id.* at 436-37. Again, here, Defendant Reed exercised his medical judgment during the medical visits with Plaintiff and apparently determined that Plaintiff's injuries as presented did not require further testing, treatment, or referral to a specialist.

In *Alloway v. Wackenhut Correctional Facility*, the Tenth Circuit Court of Appeals stated that, "when a prisoner does in fact receive medical care, he has no Eighth Amendment claim based merely on his disagreement with the nature of the diagnosis." 15 F. App'x 743, 744 (10th Cir. 2001) (citing *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992)). Here, Plaintiff complains of Defendant Reed's failure to inform Plaintiff of the various cuts on his forehead and failure to refer Plaintiff to a hospital or specialist for further treatment and testing. *Revised Am. Compl.* [#50] at 14. Further, Plaintiff cites to the results from his medical assessment from another facility at a later date to support

his contention that his injuries warranted treatment. *Reply* [#94] at 17. However, even were the Court to consider this allegation not found in the Revised Amended Complaint, the Court's determination here is not altered because Defendant Reed monitored Plaintiff's medical conditions and conducted various physical assessments of Plaintiff, including follow-up visits. *Revised Am. Compl.* [#50] at 14. Defendant Reed determined from these examinations that Plaintiff did not require further treatment. Under these circumstances, Plaintiff's claim amounts to a difference of opinion or, at most, medical negligence. *Alloway*, 15 F. App'x at 744.

Even viewing the operative complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to allege specific facts showing that Defendant Reed was subjectively aware of a significant risk to Plaintiff's health such that his actions or inactions amounted to deliberate indifference in violation of the Eighth Amendment. Accordingly, the Court concludes that the Motion [#81] should be **granted** and that Plaintiff's Eighth Amendment claim against Defendant Reed should be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6). *See Reynoldson*, 907 F.2d at 127 (holding that prejudice should not attach to a dismissal when the plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues.").

## IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that Defendant Reed's Motion [#81] be **GRANTED** and that all claims asserted against Defendant Reed be **DISMISSED**, as outlined above.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.   72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: June 18, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge