IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03161-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

FRANCO, CTU Officer,
JOHNSON, CTU Sergeant,
ALEX AGUIRRE, Correctional Sergeant, and
DANIEL O. REED, Physician Assistant,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the January 27, 2021 Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 83] and the June 18, 2021 Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 104]. The magistrate judge recommends that the Court grant the motion to dismiss filed by defendants Anthony Franco, David Johnson, and Alex Aguirre ("CDOC defendants"). Docket No. 83 at 1. The magistrate judge also recommends granting defendant Daniel Reed's motion to dismiss. Docket No. 104 at 1.

**I. BACKGROUND**[1]

Plaintiff is a prisoner with the Colorado Department of Corrections ("CDOC"). Docket No. 50 at 1. Defendants Franco, Johnson, and Aguirre are officers with the

---

[1] The following facts are from plaintiff's "Revised" Amended Complaint, Docket No. 50, and are presumed true for the purpose of ruling on defendants' motions to dismiss.

CDOC.  *Id.* at 1-2.  Defendant Reed is a physician assistant for CDOC assigned to the Fremont Correctional Facility ("FCF").  *Id.* at 2.  This case arises out of (1) Franco and Johnson's November 3, 2017 transportation of plaintiff in a two hour car ride from the Denver Reception & Diagnostic Center in Denver, Colorado to the FCF in Cañon City, Colorado; (2) Aguirre and Johnson's removal of plaintiff from the vehicle when they arrived at FCF; and (3) the allegedly deficient medical care Reed provided (and the care he failed to provide) from November 3, 2017 to December 19, 2017.  *See id.* at 3-15.  Plaintiff brings five claims for deliberate indifference under the Eighth and Fourteenth Amendments: (1) claim one against Franco based on plaintiff's transportation; (2) claim two against Johnson based on plaintiff's transportation; (3) claim three against Aguirre based on Aguirre's removal of plaintiff from the vehicle; (4) claim four against Johnson based on Johnson's removal of plaintiff from the vehicle; and (5) claim five against Reed due to his deliberate indifference to plaintiff's serious medical needs that resulted from injuries sustained as a result of plaintiff's November 3, 2017 transport.  *Id.*

On August 18, 2020, CDOC defendants filed a motion to dismiss arguing, *inter alia*, that plaintiff could not bring claims for relief under the Fourteenth Amendment and that the CDOC defendants were entitled to qualified immunity.  Docket No. 52 at 10.  Plaintiff responded and CDOC defendants replied.  Docket Nos. 76, 77.  On January 27, 2021, the magistrate judge entered a recommendation that the Court grant CDOC defendants' motion to dismiss.  Docket No. 83.  Plaintiff objected to the recommendation and CDOC defendants responded.[2]  Docket Nos. 103, 107.  The

---

[2] On February 26, 2021, the Court accepted the recommendation and dismissed all claims against the CDOC defendants with prejudice.  Docket No. 86.  On March 10,

magistrate judge's recommendation lists the relevant facts that form the basis for the recommendation to grant CDOC defendants' motion to dismiss. *See* Docket No. 83 at 2-5. The Court adopts those facts for the purpose of resolving plaintiff's objection to the magistrate judge's recommendation.

On January 27, 2021, defendant Reed filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to adequately allege a cause of action for deliberate indifference against Reed. Docket No. 81 at 3. On June 18, 2021, the magistrate judge issued a recommendation that the Court grant Reed's motion to dismiss. Docket No. 104. On August 2, 2021, the Court docketed an objection from plaintiff. Docket No. 110.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration

---

2021, plaintiff filed a motion stating that he never received the magistrate judge's recommendation to grant CDOC defendants' motion to dismiss and only learned of the recommendation when he received the Court's order accepting the recommendation and dismissing all claims against the CDOC defendants with prejudice. Docket No. 88 at 2. The Court granted the motion and permitted plaintiff to file an objection out of time. Docket No. 100. Plaintiff then filed the instant objection.

marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson,* 534 F.3d at 1286 (alteration marks omitted). In light of plaintiff's *pro se* status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

### III. JANUARY 27, 2021 RECOMMENDATION

The Court will "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). Plaintiff has filed a timely[3] and specific objection, Docket No. 103; the Court will therefore conduct de novo review.

The magistrate judge recommends dismissing plaintiff's Fourteenth Amendment claims because, as a convicted prisoner, his claims for deliberate indifference should be analyzed under an Eighth Amendment framework. Docket No. 83. The magistrate judge recommends dismissing plaintiff's Eighth Amendment claims against CDOC defendants based on qualified immunity because they did not violate plaintiff's clearly established rights. *Id.* at 16-17. Plaintiff objects that he has stated valid claims under

---

[3] As discussed above, although the objection was not docketed until after the Court accepted the recommendation, the Court has permitted plaintiff to file an objection out of time. *See* Docket No. 100 at 4.

4

the Fourteenth Amendment and that CDOC defendants violated his clearly established rights.  *See* Docket No. 103 at 5-12.

### A.  Fourteenth Amendment Claims

The magistrate judge found that, as a convicted prisoner, plaintiff's claims against CDOC defendants stem solely from the Eighth Amendment.  Docket No. 83 at 7.  The magistrate judge cited *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996), where the Tenth Circuit noted "that where constitutional protection is afforded under specific constitutional provisions, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of substantive due process."  Docket No. 83 at 7.  In *Casanova v. Ulibarri*, 622 F. App'x 724, 727-29 (10th Cir. 2015) (unpublished), the court reiterated this principle in finding that the plaintiff's "allegations regarding the deprivation of his medical equipment and the inadequacy of the medical care he received in the segregation unit should be evaluated as part of his first Eighth Amendment claim and not as part of his due process claim."

In plaintiff's response to CDOC defendants' motion to dismiss, plaintiff argued that he had "a protected liberty interest in avoiding the unnecessary infliction of psychological pain . . .  [t]he cruel and unusual punishment . . . unnecessary and wanton infliction of pain . . . [t]he constitutional right to adequate medical care . . . [a]nd reasonable safety."  Docket No. 76 at 40 (internal citations omitted).  Plaintiff claimed that CDOC defendants denied him due process by knowingly and recklessly exposing plaintiff to a substantial risk of harm; acting in reckless disregard or indifference to his

health, safety, and physical conditions; and subjecting him to undue pain and suffering. *Id.* Plaintiff described this a "procedural due process" claim. *Id.* at 39.

In plaintiff's objection, he argues that he has a protected liberty interest in being transported safely that was created by the CDOC regulation governing transportation and the standards and regulations of the Colorado Department of Transportation, the National Highway Traffic Safety Administration, the Federal Motor Vehicle Safety Standards, and the Handicap Wheelchair Vehicle Owner's Manual. Docket No. 103 at 5-7. Plaintiff argues that because he is "guaranteed additional procedural rights by state law, these rights are protected by the Constitution." *Id.* at 6. However, in his response to CDOC defendants' motion to dismiss, plaintiff did not argue that any regulations afforded him a protected interest. *See* Docket No. 76 at 39-40. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996). Accordingly, the Court overrules this objection and accepts the magistrate judge's recommendation to dismiss plaintiff's Fourteenth Amendment claims.[4]

### B. Eighth Amendment Claims

---

[4] Plaintiff cites *Daniels v. Williams*, 474 U.S. 327 (1986), for the proposition that an inmate may bring a Fourteenth Amendment claim when he is injured by the conduct of prison officials. Docket No. 103 at 6. However, *Daniels* held that the Due Process Clause was not implicated by the negligent conduct of a correctional officer in leaving a pillow on a staircase that a city jail inmate slipped on and sustained injuries from. 474 U.S. at 328.

Plaintiff brings Eighth Amendment claims one and two against Franco and Johnson for their transport of him and claims three and four against Aguirre and Johnson for their actions in removing him from the vehicle. *See* Docket No. 50 at 3-12. The magistrate judge found that CDOC defendants were entitled to qualified immunity because it was not clearly established (1) that plaintiff's "rights were violated by officers where a nurse checked on the inmate prior to his transportation, where his seatbelt was fastened, where the inmate did not ask to have his seatbelt fixed, and where the vehicle was not involved in an accident, even where the seatbelt was allegedly fastened inadequately, where one of the officers allegedly drove recklessly, and where the inmate was ultimately injured as a result"; and (2) that Aguirre and Johnson violated plaintiff's rights by the manner they removed him from the transport vehicle. Docket No. 83 at 16-17.

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard. *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

7

which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct*." T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

In his objection, plaintiff restates the facts of the complaint and labels various paragraphs either "Farmer standard claim" and/or "Estelle standard claim." See Docket No. 103 at 8-10. These are reference to *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), where the Supreme Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), where the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'" under the Eighth Amendment. Plaintiff

8

argues that, due to the facts he describes, CDOC defendants are not entitled to qualified immunity "[b]ased on their individual knowledge of the risk, based on their individual institutional expertise, or based on their individual prior transportation (passenger) and safety" because they acted outside of policy, rules, or constitutional rights in making the alleged constitutional violations. Docket No. 103 at 11 (internal alterations omitted). However, "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision [of state law]." *Cummmings v. Dean*, 913 F.3d 1227, 1243 (10th Cir. 2019) (quoting *Davis v. Scherer*, 468 U.S. 183, 194 (1984)). Therefore, the Court will overrule this objection.

Plaintiff also argues that the magistrate judge erred in finding that his right to be free from deliberate indifference under this factual scenario was not clearly established because, under Fed. R. Civ. P. 8(a), his complaint need only provide CDOC defendants with a short and plaint statement of the claims against them. Docket No. 103 at 11. Although this is an accurate reading of the rule, when a defendant raises the defense of qualified immunity a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Patton*, 868 F.3d at 1220 (internal quotation marks omitted). Accordingly, the Court will overrule this objection.[5]

---

[5] Plaintiff argues that United States Magistrate Judge Gordon P. Gallagher's conclusion that his complaint was inappropriate for summary dismissal shows that his complaint is sufficient to survive a motion to dismiss. *See* Docket No. 103 at 11. This argument is irrelevant because plaintiff must meet his burden in light of CDOC

Plaintiff's final argument is that, while the facts of the cases cited in his response to CDOC defendants may not have been exactly the same as the facts in this case, there need not be a complete overlap and a right can be clearly established if there is precedent that involves "materially similar conduct."  Docket No. 103 at 12.  Plaintiff cites *Lowe v. Raemisch*, 864 F.3d 1205, 1210 (10th Cir. 2017), where the Tenth Circuit stated that, "precedent is considered on point if it involves 'materially similar conduct' or applies 'with obvious clarity' to the conduct at issue."  Docket No. 103 at 12.

The magistrate judge carefully considered the cases cited by plaintiff in his response to CDOC defendants' motion to dismiss and found that none of them involved facts similar enough to find that CDOC defendants violated clearly established law.  *See* Docket No. 83 at 8-16.  The Court agrees.  Besides generally arguing that the cases were sufficient to put CDOC defendants on notice that they were committing a constitutional violation, *see* Docket No. 103 at 12, plaintiff makes no specific arguments about how the magistrate judge misconstrued or improperly distinguished the cases.  The Supreme Court has repeatedly emphasized that clearly established law should be particularized to the facts of the case and not be defined as a high level of generality.  *See, e.g.*, *White v. Pauly*, 137 S. Ct. 548, 552 (2017) ("Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality." (internal quotation marks omitted)); *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011) ("We have repeatedly told courts . . . not to define clearly established law at a high level of generality."); *Brosseau v. Haugen*, 543 U.S. 194, 198-

---

defendants' assertion of qualified immunity, which Judge Gallagher did not consider.

199 (2004) (per curiam) (stating that the clearly established law inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition"). Accordingly, the Court will overrule plaintiff's objection and accept the magistrate judge's recommendation to dismiss plaintiff's Eighth Amendment claims against Franco, Aguirre, and Johnson.

## IV. JUNE 18, 2021 RECOMMENDATION

The magistrate judge recommends granting Reed's motion to dismiss for failure to state a claim upon which relief can be granted. Docket No. 104 at 1. The magistrate judge's recommendation lists the relevant facts that form the basis for the recommendation to grant Reed's motion to dismiss. *See id.* at 2-3. The Court adopts those facts for the purpose of resolving plaintiff's objection to the magistrate judge's recommendation.

The magistrate judge issued her recommendation on June 18, 2021. Docket No. 104. On July 6, 2021, the Court docketed a motion from plaintiff for a thirty-day extension of time to file an objection to the recommendation. Docket No. 108. On July 7, 2021, the Court granted in part, ordering plaintiff file an objection on or before July 19, 2021. Docket No. 109. On August 2, 2021, the Court docketed an objection from plaintiff. Docket No. 110. Plaintiff certified that he placed it in first class mail, prepaid, on July 28, 2021. *Id.* at 17. Plaintiff's objection was thus mailed and docketed after the deadline. In the objection, plaintiff stated the he received the recommendation on June 22, 2021, filed a motion for a thirty-day extension of time on July 1, 2021, and that "[a]t the time of preparing the Court ha[s] not issued a ruling" on the motion for an extension. *Id.* at 3. Plaintiff thus appears to have assumed he would be granted the full extension

11

he sought and did not attempt to file his objection sooner when he did not receive an order on the motion before July 28, 2021.[6]  While plaintiff is an incarcerated pro se litigant,[7] "[p]ro se parties must follow the same rules of procedure that govern other litigants."  *Vreeland v. Schwartz*, – F. App'x –, 2021 WL 2946465, at *9 (10th Cir. 2021) (unpublished) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)) (alterations omitted) (applying this principle to an incarcerated litigant).  Plaintiff is not entitled to presume that the Court will grant every motion for extension of time that he requests or that, if the Court finds good cause, the extension will be for as much time as he requested.  Accordingly, the Court finds that plaintiff's objection is untimely.

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate."  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions."  *Id*. (internal quotation marks omitted).  However, "the firm waiver rule does not apply (1) when a pro se litigant was not notified 'of the time period for objecting and the consequences of failing to object,' (2) 'when the interests of justice warrant,' or (3) when the party that failed to object

---

[6] The Court issued its order granting a partial extension of time for plaintiff to object on July 7, 2021.  Docket No. 109.  Plaintiff has provided no evidence that he did not receive this order apart from the statement in his objection.  However, it is immaterial to the Court's analysis whether plaintiff did or did not receive a copy of the order granting him until July 19, 2021 to file an objection, and the Court accordingly will construe the evidence in plaintiff's favor and assume he never received a copy of the order.

[7] According to another one of plaintiff's filings, plaintiff was released from prison on July 29, 2021.  *See* Docket No. 113 at 1.

'makes the onerous showing required to demonstrate plain error.'" *Schupper v. Cafasso*, 708 F. App'x 943, 946 (10th Cir. 2017) (unpublished) (quoting *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006)). The Court next considers whether to not apply the firm waiver rule under this standard.

### A. Notification of Time Period to Object

The recommendation advised plaintiff of the deadline to object and informed plaintiff that a failure to timely object would waive de novo review of the recommendation. Docket No. 104 at 11. The Court granted plaintiff's motion for an extension of time in part. Docket No. 109. For the reasons noted above, plaintiff's objection is untimely despite the fact that he may have been unaware that the Court only granted his motion for an extension of time in part. Thus, the first exception to the firm waiver rule does not apply so as to require de novo review.

### B. Interests of Justice

When considering whether the interests of justice warrant review, the Tenth Circuit considers "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005). Plaintiff's objection states that he believed the Court had not ruled on his motion for an extension of time at the time he filed his objection. Docket No. 110 at 3. However, as noted above, plaintiff appears to have simply assumed his requested extension would be granted and submitted his objection in line with his self-proclaimed deadline. It is unrealistic for plaintiff to have received a ruling in the mail on his motion for an extension of time before the expiration of plaintiff's original time period to object when plaintiff mailed it

thirteen days after the recommendation issued. However, plaintiff's assumption that, in the supposed absence of a ruling on the motion, he was entitled to the extension is misplaced. Therefore, the Court finds that plaintiff's efforts to comply and the "force and plausibility" of the explanation for failure to comply do not warrant an exception from the firm waiver rule. *See Morales-Fernandez*, 418 F.3d at 1120.

The Tenth Circuit has stated that "[i]n many respects, the interests of justice analysis we have developed, which expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error." *Duffield*, 545 F.3d at 1238 (quoting *Morales-Fernandez*, 418 F.3d at 1120). Therefore, the Court will consider the importance of the issues raised in the context of determining whether the magistrate judge committed plain error. *See Craighead v. Bear*, 717 F. App'x 815, 819 (10th Cir. 2017) (unpublished) (noting that the "importance of the issue raised" is determined by an analysis similar to plain error review).

### C. Plain Error

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). "To be plain, the error must be clear or obvious under current, well-settled law of either the Supreme Court or [the Tenth Circuit]." *Fed. Deposit Ins. Corp. v. Kan. Bankers Sur. Co.*, 840 F.3d 1167, 1172 (10th Cir. 2016).

The magistrate judge recommends dismissing plaintiff's Fourteenth Amendment claim against Reed for the same reason the magistrate judge recommends dismissing these claims against Franco, Johnson, and Aguirre. *See* Docket No. 104 at 4; Docket

No. 83 at 7.  The Court, in conducting de novo review of Docket No. 83, has accepted the magistrate judge's recommendation.  In light of this, the Court does not find plain error in the recommendation to dismiss plaintiff's Fourteenth Amendment claim.

Under *Farmer*, 511 U.S. at 834, 837, in order for a detainee to make out an Eighth Amendment deliberate indifference claim, he must establish that (1) he was deprived of a medical need that is, objectively, "sufficiently serious," and (2) that the defendant subjectively knew of and disregarded "an excessive risk to [the detainee's] health or safety."  The magistrate judge recommends dismissing plaintiff's Eighth Amendment claim against Reed because plaintiff failed to allege facts showing that Reed was aware of a significant risk to plaintiff's health.  Docket No. 104 at 10.  The magistrate judge found that plaintiff's claim "amounts to a difference of opinion or, at most, medical negligence[,]" which does not amount to an Eighth Amendment violation.  *Id.*  Plaintiff objects that various evidence and violations of CDOC standards show that Reed subjectively knew of and disregarded the risk of serious harm to plaintiff's health.  *See* Docket No. 110 at 12-15.  The magistrate judge's recommendation is well-reasoned and thorough, and the Court finds no error that is clear and obvious under well-settled law.  *See Fed. Deposit Ins. Corp.*, 840 F.3d at 1172.  Accordingly, the Court will apply the firm waiver rule and overrule plaintiff's objection to the magistrate judge's June 18, 2021 recommendation.

## V.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Reply in Opposition to Recommendation [ECF 83] by

United States Magistrate Judge [Docket No. 103] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 83] is **ACCEPTED**. It is further

**ORDERED** that CDOC Defendant's Motion to Dismiss "Revised" Amended Complaint [Dkt. #50] Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 52] is **GRANTED**. It is further

**ORDERED** that all claims against Anthony Franco, David Johnson, and Alex Aguirre are **DISMISSED with prejudice**. It is further

**ORDERED** that Plaintiff's Reply in Opposition to Recommendation [ECF 104] by United States Magistrate Judge [Docket No. 110] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 104] is **ACCEPTED**. It is further

**ORDERED** that Defendant Daniel Reed's Motion to Dismiss Plaintiff's "Revised" Amended Complaint [ECF No. 50] [Docket No. 81] is **GRANTED**, except to the extent it seeks dismissal of the Eighth Amendment portion of claim five with prejudice.[8] It is further

**ORDERED** that claim five against Daniel Reed is **DISMISSED with prejudice** to the extent it is brought under the Fourteenth Amendment and **without prejudice** to the

---

[8] The magistrate judge recommends dismissing the Fourteenth Amendment portion of claim five against defendant Reed with prejudice, Docket No. 104 at 6, and the Eighth Amendment portion of claim five against Reed without prejudice. *Id.* at 10. Reed did not object to the recommendation. The Court finds "no clear error in the face of the record," Fed. R. Civ. P. 72(b), Advisory Committee Notes, and will dismiss the Fourteenth Amendment portion of the claim with prejudice and the Eighth Amendment portion of the claim without prejudice.

extent it is brought under the Eighth Amendment.  It is further

**ORDERED** that this case is closed.

DATED September 27, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge