IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03161-PAB-KLM

FRANKY L. SESSION,

    Plaintiff,

v.

FRANCO, CTU Officer,
JOHNSON, CTU Sergeant,
ALEX AGUIRRE, Correctional Sergeant, and
DANIEL O. REED, Physician Assistant,

    Defendants.

## ORDER

    This matter is before the Court on Plaintiff's Motion for Excusable Neglect in Missing the Notice of Appeal Deadline and Leave to File Notice of Appeal [Docket No. 118]. Defendant Daniel O. Reed responded, Docket No. 124, as did defendants Anthony Franco, David Johnson, and Alex Aguirre (the "CDOC defendants"). Docket No. 125. Plaintiff replied. Docket No. 129.

    The Court assumes the parties' familiarity with the background facts of this case, which are set forth in Magistrate Judge Kristen L. Mix's recommendations, Docket Nos. 83, 104, and the Court's orders accepting the recommendations, Docket Nos. 86, 116, and will not be repeated here except as necessary to resolve plaintiff's motion.

    On January 27, 2021, Magistrate Judge Mix recommended that the Court grant the CDOC defendants' motion to dismiss, Docket No. 83, and, on June 18, 2021, Magistrate Judge Mix recommended that the Court grant defendant Reed's motion to

dismiss.  Docket No. 104.  Plaintiff objected to the recommendations, Docket Nos. 103 (CDOC defendants), 110 (defendant Reed), and the CDOC defendants responded. Docket No. 107.  The Court accepted recommendations, overruled plaintiff's objections, and entered final judgment on September 27, 2021.  Docket Nos. 116, 117.

On December 27, 2021, plaintiff filed the instant motion.  Docket No. 118.  Plaintiff asks "this Court to grant this Motion of excusable neglect in missing the Notice of Appeal deadline, and, request[s] leave to file [a] Notice of Appeal."  *Id.* at 3.[1]  Plaintiff explains that he was unable to meet the deadline because he was recently released from prison, is homeless, blind, and disabled, and lacks reliable internet access.  *Id.* at 2–3.  He also asks for relief under Rule 60(b)(1), which provides for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect."  *Id.*; Fed. R. Civ. P. 60(b)(1).

The timeline for filing a notice of appeal in a civil case is governed by Federal Rule of Appellate Procedure 4(a), which states that the notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  As noted previously, judgment was entered on September 27, 2021.  Docket No. 117.  Thus, a notice of appeal, if plaintiff chose to file one, was due by October 27, 2021 pursuant to Rule 4(a)(1)(A).  Rule 4(a)(1)(A), however, includes two exceptions.  The first exception is not relevant because it concerns appeals if one of the parties is the United States or its officer or employee.  *See* Fed. R. App. P. 4(a)(1)(B).  The second exception stays the appeal deadline while the district court rules on certain timely-filed motions. *See* Fed. R. App. 4(a)(4).  The motions that stay the appeal deadline are listed in Rule

---

[1]  Plaintiff now objects to the Court sending mail to his parole officer.  Docket No. 118 at 2.  However, plaintiff did not previously object, and he has not provided another address as the Local Rules require.

2

4(a)(4)(A). They are:

    (i) for judgment under Rule 50(b);

    (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

    (iii) for attorneys fees under Rule 54 if the district court extends the time to appeal under Rule 58;

    (iv) to alter or amend the judgment under Rule 59;

    (v) for a new trial under Rule 59; or

    (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). Plaintiff did not file any such motion. Plaintiff's present motion, filed December 27, 2021, cites Rule 60(b)(1). Docket No. 118 at 2. However, plaintiff's motion was due within 28 days after judgment, i.e., October 25, 2021, in order to stay the appeal deadline. *See* Fed. R. App. 4(a)(4)(A)(vi).

A party may seek an extension to file a notice of appeal pursuant to Rule 4(a)(5)(A), which states that "[t]he district court may extend the time to file a notice of appeal" if:

    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Plaintiff's "time prescribed" under Rule 4(a)(5)(A) expired on October 27, 2021, which is 30 days after the Court entered judgment on September 27, 2021. *See* Docket No. 117. Regardless of whether plaintiff has established excusable neglect or good cause under Rule 4(a)(5)(A)(ii), he must have sought an extension within 30 days after

3

October 27, 2021 as required by Rule 4(a)(5)(A)(i).  Because plaintiff did not seek an extension within 30 days after that date, i.e., by November 26, 2021, the Court may not grant his request.

Finally, Federal Rule of Appellate Procedure 4(a)(6) provides for "reopen[ing] the time to file an appeal" for 14 days if: (A) the court finds that the movant did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment within 21 days after entry, i.e., October 18, 2021 in this case; (B) the motion is filed within 180 days after the judgment is entered or within 14 days after the movant receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.  Plaintiff provides no argument under Rule 4(a)(6), and the Court does not find that it applies, as there is no indication that plaintiff did not receive notice of the entry of judgment by October 18, 2021.  Even if plaintiff did not receive notice of the entry of judgment until November 11, 2021, when he says a home care aid visited him and read his mail to him, Docket No. 118 at 2, plaintiff did not file his motion within 14 days of November 11, and it therefore cannot reopen the time to appeal.

Wherefore, it is

**ORDERED** that  Plaintiff's Motion for Excusable Neglect in Missing the Notice of Appeal Deadline and Leave to File Notice of Appeal [Docket No. 118] is **DENIED**.

DATED August 25, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

4